UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-150-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| QUOVARTIS SPENCER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Indictment. (Doc. No. 32). The Government has responded in opposition to the motion. (Doc. No. 33).

I.    BACKGROUND AND DISCUSSION

Defendant Quovartis Spencer is a convicted felon. He is now charged in a one-count Bill of Indictment with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). Mr. Spencer asks this Court to declare Section 922(g)(1) unconstitutional as applied to him and to dismiss the charge against him. He argues that the Supreme Court's decisions in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and United States v. Rahimi, 144 S. Ct. 1889 (2024), require this result.

For the reasons stated in the Government's brief in opposition, Defendant's motion to dismiss is denied. That is, as to Defendant's facial challenge to the constitutionality of Section 922(g)(1), the Fourth Circuit's recent decision in United States v. Canada, 103 F.4th 257, 259 (4th Cir. 2024), forecloses that argument, and nothing in Rahimi undermines that decision. Fourth Circuit precedent also makes clear that conviction of a valid, unpardoned felony punishable by imprisonment for more than one year necessarily removes the felon from the protection of the Second Amendment, foreclosing Spencer's as-applied challenge.

1

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment (Doc. No. 32) is **DENIED**.

Signed: October 18, 2024

Max O. Cogburn Jr
United States District Judge